DECISION
This matter comes before the Court on Defendant Justin C. Bennett's Motion to Dismiss the charge of Driving Under the Influence of Intoxicating Liquor and/or Drugs in violation of Rhode Island General Laws 1956 § 31-27-2. For the following reasons, this Motion is denied.
The incident for which the Defendant was charged allegedly occurred on August 25, 1998 at approximately, 1:40 a.m. Patrick C. Sweeney of the Middletown Police Department was on patrol in the area of West Main Road and Coddington Highway, Middletown, when he allegedly saw a vehicle traveling at a high rate of speed. The officer notes in his report that he followed the vehicle and observed it weaving in its lane of travel. At this time, the officer reportedly activated his lights and siren in an attempt to stop the Defendant's vehicle. The ensuing stop occurred over the Middletown line, in the city of Newport
In support of his Motion to Dismiss, the Defendant claims that arrest was unlawful because Patrolman Sweeney lacked jurisdiction in Newport. Section 12-7-19 of the Rhode Island General Laws states:
 [a]ny member of a duly organized municipal peace unit of another city or town of the state who enters any city or town in close pursuit, and continues within any city or town in such close pursuit, of a person in order to arrest him or her on the grounds that he or she has violated the motor vehicle code in the other city or town shall have the seine authority to arrest and hold in custody the person as members of a duly organized municipal peace unit of any city or town have to arrest and hold in custody a person on the ground that he or she has violated the motor vehicle code in any city or town.
The Defendant argues tat Patrolman Sweeney's attempts to stop him did not occur until after the Defendant had entered Newport. Therefore, Defendant argues, contrary to the requirements of the aforementioned statute, the Patrolman did not enter Newport with the intent to arrest him. The reason that the Patrolman was following the Defendant was because the Defendant was speeding and that is not, Defendant argues, a motor vehicle violation for which he could be arrested. Therefore, the officer did not have jurisdiction to make the stop and ensuing arrest once the Defendant had crossed into Newport.
The State agrees that the officer began pursing the Defendant because he noticed the rate of speed at which Defendant was traveling. However, while following closely behind, the officer observed the Defendant weaving in and out of his travel lane. The State cites the same narrative report upon which Defendant relies for the fact that this observation was made at 208 West Main Road in Middletown, the location of Newport Creamery. It was at this point, the State maintains, that the officer developed a reasonable suspicion that the Defendant was driving under the influence of intoxicating liquor or drugs and activated his siren and light.
Again, relying on the same narrative report cited for support by the Defendant, it appears to this Court that Patrolman Sweeney developed the requisite reasonable suspicion that Defendant was operating his vehicle while under the influence of an intoxicating substance in Middletown. This single fact alone sufficiently distinguishes the instant case from Commonwealth vLeBlanc, 407 Mass. 70 (1990), the only case cited by the Defendant. In LeBlanc, a policeman observed a vehicle speeding and passing through a red light. The officer followed the vehicle into the next town where the stop was then made. There was no indication, until the officer confronted the driver, that the operator was under the influence of alcohol. The stop was made based on the speed violation and the passing through a red light.
Patrolman Sweeney's observation of Defendant weaving in and out of his travel lane catapults this case into a category separate from LeBlanc. Said observation having been made in Middletown, this Court is convinced that the officer had proper jurisdiction to execute a stop in Newport. Accordingly, the Defendant's Motion to Dismiss is denied.